ALFONSO GARCÍA, Plaintiff and Appellant, v. FERNANDO PÉREZ LLERA, Defendant and Appellee.

No. 4469.—Argued May 22, 1929.—Decided April 11, 1930.

*Diego O. Marrero* and *Jesús A. González,* for appellant. *M. Marcos Morales,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Alfonso García brought an action against Fernando Pérez Llera to compel the latter to execute in favor of the

plaintiff a formal deed of sale of a parcel of eight and one-half acres situated in Cayey, which the plaintiff alleged to have purchased from the defendant on June 3, 1917, for the price of $800, paid in cash. The defendant denied the existence of such a contract and on the contrary alleged that he was in possession of the property by virtue of a purchase from the plaintiff himself and his brother Gerardo, evidenced by a public instrument executed on July 22, 1916.

The case went to trial and considerable evidence, both oral and documentary, was heard. The court finally rendered a judgment against the plaintiff, who thereupon appealed and in his brief has assigned four errors, which can be reduced to two. The first one refers to the failure of the trial judge to file with the judgment the opinion required by law, and the other three relate to the weighing of the evidence.

In truth, the district judge rendered judgment without filing a written opinion. He was requested to do so and acceded to the request by filing an opinion, which meets all the statutory requirements. We fail to see in this any error requiring a reversal of the judgment.

Out of the forty-five pages of which the appellant's brief consists, thirty-seven have been devoted to a discussion of the assignments of error relating to the weighing of the evidence.

In his statement of the case and opinion and referring to the evidence, the trial judge says:

"From a consideration of the evidence the court is of the opinion that the plaintiff has not duly proved the essential facts of the complaint, especially that the defendant had sold to him the property which is the object of the suit and that he had been in possession thereof since the date of such sale. It is true that the plaintiff has attempted to show that he purchased the said property from the defendant, but on this point the defendant has introduced evidence tending to establish the contrary fact, namely, that he never sold to the plaintiff the property in question; and thus a conflict in the evidence arose which the court resolves in favor of the defendant,

for the following reasons: Because of the doubts and vacillations exhibited by the plaintiff's witnesses; because of the promissory note itself introduced by the plaintiff which showed that the contract between the plaintiff and the defendant referred to a loan made by the former to the latter; and because of the preponderance of the evidence for the defendant.

"Therefore, as it has not been shown to the satisfaction of this court that the defendant has sold to the plaintiff the property in question, or that the latter has been in possession thereof, the court must render, as it does hereby render, judgment against the plaintiff, without special pronouncement of costs."

We have carefully examined the transcript and not only do we find that there is no basis for concluding that the district court committed manifest error in weighing the evidence introduced, but we think that that court could have reached no other conclusion than that expressed in its judgment.

There is no doubt as to the identity of the property. Nor is there any as to the fact that the plaintiff and his brother Gerardo were the owners of the property in 1916 and sold it to the defendant Fernando Pérez Llera.

The plaintiff testified at the trial that in 1917, at the time the defendant was about to sail for Spain, he purchased from the latter the said property and paid to him the price thereof. What other evidence did he introduce besides his own testimony? He made reference to a promissory note executed by the defendant in his favor. As a matter of fact, such evidence prejudices rather than favors him. If the defendant received the money which the plaintiff delivered to him as the purchase price of the property and the plaintiff took possession of the premises as owner, how could it be possible that the defendant executed to the former a promissory note acknowledging that he owed the plaintiff that sum? The explanation given by the plaintiff, that he fully trusted the defendant and did not want to bother him when he sailed for Spain, is insufficient. On the other hand, the positive statements of the defendant at the trial to the effect

that his transaction with the plaintiff was a loan and not a sale and that the property was leased to Luis Antonio Ortiz at an annual rental of $125 with instructions to deliver the said rental to the plaintiff for credit on the loan, which statements were corroborated by the testimony of Ortiz himself, are perfectly consistent with the execution of the promissory note.

The judgment appealed from must be affirmed.